UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N. BUCKNER, individually and as on behalf of the State of California as well as proposed Classes of Aggrieved Employees,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL TELEVISION, LLC, a New York Limited Liability Company; et al.,<br><br>Defendants. | CASE NO. CV 17-6489-R<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

Before the Court is Plaintiff's Motion to Remand, which was filed on October 2, 2017. (Dkt. No. 13). Having been fully briefed by both parties, this Court took the matter under submission on October 31, 2017.

The Complaint alleges the following. Defendants employed Plaintiff as a crewmember for production of the television project "Hairspray Live!" on or about November 21, 2016, through December 8, 2016. Defendants did not pay Plaintiff his correct overtime, double time or premium wages. The Complaint alleges four claims against Defendants: (1) Continuing Wages for Failure to Timely Pay Final Wages under California Labor Code section 203; (2) Failure to Provide Accurate Itemized Wage Statements in Violation of California Labor Code section 226; (3) Failure to Pay Overtime and Minimum Wage under Labor Code sections 510 and 1194; (4) Civil

Penalties under the California Private Attorney General Act, Labor Code sections 2698 *et seq.* The Complaint does not allege that Plaintiff's employment terms were governed by a collective bargaining agreement ("CBA"). Defendants timely removed on the basis that section 301 of the Labor Management Relations Act ("LMRA") preempts Plaintiff's claims. Defendants claim that Plaintiff's employment terms were governed by five different CBAs. Defendants attached copies of all CBAs to the Notice of Removal. Plaintiff moves to remand the entire case to state court.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). Even if the complaint does not raise a federal claim on its face, federal question jurisdiction exists when federal law completely preempts a state law cause of action. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

The preemptive force of the LMRA "is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "Courts in the Ninth Circuit apply a two-step analysis to determine whether [LMRA] preemption applies." *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1096 (N.D. Cal. 2014). First, courts look to "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Burnside*, 491 F.3d at 1059. Second, if "the right exists independently of the CBA, [courts] must still consider whether it is nevertheless substantially dependent on analysis of a [CBA]." *Id.*

California Labor Code section 510 entitles an employee to double time under certain specific conditions. However, California Labor Code section 514 specifically mandates that section 510 does "not apply to an employee covered by a valid [CBA] if the [CBA] expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal.

Lab. Code § 514. Wage Orders 11 and 12, which also govern an employee's overtime pay, contain the same exceptions found in section 514. 8 Cal. Code Regs §§ 11110(3)(H); 11120(3)(J).

As an initial matter, this Court looks to the CBAs attached to Defendants' Notice of Removal in ruling on the instant Motion. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1192 (C.D. Cal. 2015) ("Because complete preemption often applies to complaints drawn to evade federal jurisdiction, the court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims."). Courts "may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists…." *Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 WL 1181562, at *3 (C.D. Cal. March 29, 2017). The Federal Rules do not require that evidence in support of or in opposition to a motion to remand be admissible. *See id.* Because the CBAs form the basis of Defendants' argument that Plaintiff's overtime claim is completely preempted by the LMRA, the Court considers the CBAs in deciding the Motion.

Next, this Court concludes that the LMRA preempts Plaintiff's overtime claim under the first step of the *Burnside* test because the exceptions in section 514 and Wage Orders 11 and 12 apply. *Hall*, 146 F. Supp. 3d at 1193. First, the CBAs provide for the wages, hours of work, and working conditions of the employees on "Hairspray Live!" Second, the CBAs provide premium rates for overtime and "Golden Hours." The provisions in the CBAs meet the exceptions articulated in section 514 and the Wage Orders, and state law does not govern Plaintiff's overtime rights. Plaintiff does not otherwise dispute that the CBAs meet these exceptions or acknowledge these exceptions at all. Therefore, Plaintiff's overtime rights arise exclusively out of the CBAs, and the LMRA preempts Plaintiff's overtime claim. *See Coria*, 63 F. Supp. 3d at 1100 (holding that LMRA preempted overtime claim under first step of *Burnside* test where section 514 exception applied).

If a district court has federal jurisdiction over a claim, it may exercise supplemental jurisdiction over all other claims that form part of the same case or controversy. 28 U.S.C. § 1367. A state law claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claims, and the state and federal claims would normally be tried

3

together. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). Here, all claims in the Complaint stem from Plaintiff's three-week employment period at the end of 2016 and are based upon Defendants' allegedly defective wage payments. Therefore, all claims share a common nucleus of operative fact, and supplemental jurisdiction is appropriate.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is DENIED. (Dkt. No. 13).

Dated: November 30, 2017.

 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
 MANUEL L. REAL
 UNITED STATES DISTRICT JUDGE